IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY DEEMAR, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-3466 |
| BOARD OF EDUCATION OF THE CITY OF EVANSTON/SKOKIE ("DISTRICT 65"), et al., | Judge Robert M. Dow, Jr. |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DECLARATION OF STACY BEARDSLEY**

Defendants, Evanston-Skokie Community Consolidated School District 65, Devon Horton, LaTarsha Green and Stacy Beardsley (collectively "the District"), by and through their attorneys, Franczek P.C., submits the following response to Plaintiff's Motion to Strike Declaration of Stacy Beardsley.

**INTRODUCTION**

Plaintiff Stacey Deemar seeks to strike the entire Declaration of Stacey Beardsley on the ground that some of the factual assertions in the Declaration are based on hearsay and not personal knowledge. Deemar's Motion should be denied. For reasons described below, the challenged paragraphs in the Declaration arebased on personal knowledge and admissible under the Federal Rules of Evidence. Morevoer, even if certain statements are not admissible, this does not justify striking the entire Declaration. In considering a motion to strike, the Court must "use a scalpel, not a butcher knife" and only strike portions that are inadmissible rather than strike an affidavit or declaration in its entirety. *Simpson v. Wayne Cty., Illinois*, No. 13-CV-359-SMY-SCW, 2014 WL

6657589, at *1 (S.D. Ill. Nov. 24, 2014); *see also Upshaw v. Ford Motor Co.,* 576 F.3d 576, 593 (6th Cir. 2009).

## ARGUMENT

**I.  Beardsley's Statements Regarding Deemar's Lack of Active Participation in Many of the District's Equity Activities are Based on Personal Knowledge.**

Deemar seeks to strike statements by Beardsley attesting that the District has no record of Deemar participating in affinity groups (*see e.g.* Doc. # 21-1 ¶ 4), because this assertion is presumably based on a review of documents and is thus hearsay. Because the District lacks documentation confirming Deemar's participation, Beardsley, however, obviously cannot cite to documentation that does not exist. Moreover, as the employee responsible for overseeing the program, Beardsley certainly has personal knowledge about employee participation in affinity groups and other meetings. She also has personal knowledge about whether such meetings were mandatory or voluntary. Notably, Deemar does not assert either in her Complaint or in her Declaration that she did in fact attend any affinity group meetings or was compelled to attend such meetings.

Deemar also seeks to strike Paragraphs 4-11 of Beardsley's declaration which establish that Deemar did not participate in "most" of the equity activities because Beardsley could not have personally witnessed each training session in the District. Beardsley, as the District employee responsible for overseeing the training, has personal knowledge regarding general employee participation in the District's equity training and other initiatives and as such, is more than competent to testify as to Deemar's general lack of participation. Once again, Deemar does not contend either in the Complaint or her Declaration that she actually participated in any of the activities described by Beardsley in Paragraphs 4-11, so Deemar's objection to these paragraphs are immaterial, to the resolution of the District's pending motion to dismiss.

## II.  Beardsley Offers No Argument for Striking the Bulk of Beardsley's Affidavit

The majority of Beardsley's Declaration is devoted to providing a general description of the District's equity initiatives, and explains that most of the activities of which Deemar complains were purely voluntary. For instance, in Paragraph 5, Beardsley describes the Courageous Conversations tools used by the District, and that the use of these materials were voluntary. Paragraph 6 explains the SEED seminar offered by the District was entirely voluntary. Paragraph 8 explains that participation in study groups discussing the book "White Fragility" was voluntary and that a scheduled event involving the book's author was canceled due to the pandemic.

Similarly, Paragraphs 9 through 11 provide general descriptions of the District's use of affinity groups, the District' Black Lives Matter Week Curriculum, and the fact that Children's March History lesson referenced by Deemar in her Complaint was not taught at the middle school level where Deemar taught. Beardsley does not explicitly challenge the admissibility of any of these statements in her Motion, nor does she dispute the accuracy of these statements. Beardsley, as the person responsible for overseeing all these matters, obviously has personal knowledge of the District's employee training and student curriculum, whether certain activities were mandatary or voluntary, and when and where such curriculum was offered. Therefore, none of these paragraphs should be stricken. *See also Upshaw v. Ford Motor Co.,* 576 F.3d 576, 593 (6th Cir. 2009).[1]

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Strike Stacey Beardsley's Declaration should be denied. Beardsley's declaration should not be excluded or, in the

---

[1] The District does not dispute that Paragraph 12, which concerns whether Deemar's position is federally funded, should not be considered in support of the District's Rule 12(b)(6) motion to dismiss. Nevertheless, for reasons explained in the District's Reply Memorandum in Support of its Motion to Dismiss, Deemar's Title VI claim should be dismissed regardless of whether this paragraph is considered.

alternative, the Court should only strike the specific portions that the Court are not based on personal knowledge or rely on inadmissible hearsay.

                Respectfully submitted,

                **BOARD OF EDUCATION OF EVANSTON-SKOKIE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65, DEVON HORTON, LATARSHA GREEN AND STACY BEARDSLEY**

                By    */s/ Nicki B. Bazer*
                            One of Its Attorneys

Nicki B. Bazer *(nbb@franczek.com)*
Michael A. Warner *(maw@franczek.com)*
R. Jason Patterson *(rjp@franczek.com)*
Franczek P.C.
300 S. Wacker Drive, Suite 3400
Chicago, Illinois 60606
312-986-0300

Dated: November 24, 2021

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Motion to Strike Declaration of Stacy Beardsley** to be filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record on this 24th day of November, 2021.

>Celia H. O'Leary (*coleary@southeasternlegal.org*)
>Kimberly S. Hermann (*khermann@southeasternlegal.org*)
>Branden H. Boucek (*bboucek@southeasternlegal.org*)
>Southeastern Legal Foundation
>560 W. Crossville Rd., Suite 104
>Roswell, GA 30075

>Whitman H. Brisky(*wbrisky@mauckbaker.com*)
>Terry S. Lu (*tlu@mauckbaker.com*)
>Mauck & Baker, LLC
>1 N. LaSalle St., Suite 600
>Chicago, IL 60602

>>*s/ Nicki B. Bazer*
>>*nbb@franczek.com*

2955910.1