IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY DEEMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-3466 |
| ) | |
| BOARD OF EDUCATION OF THE CITY OF ) | Judge Robert M. Dow, Jr. |
| EVANSTON/SKOKIE ("DISTRICT 65"), et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF STACY BEARDSLEY**

Everything that Ms. Beardsley knows is derived from hearsay, or at least that which has any bearing on the Court's jurisdiction—the only permissible purpose of extrinsic evidence in the first place. Defendants now admit they impermissibly relied on the Beardsley Declaration to support their Rule 12(b)(6) motion. (Doc. 37 at 3 n.1.) But Defendants' Response leaves no doubt that the parts of her Declaration that go to jurisdiction are based on hearsay, and they do not so much as argue for an exemption. Instead of laying a proper foundation, Defendants unconvincingly contend that Ms. Beardsley's knowledge of the attendance of *all* District employees is based on personal knowledge. Alternatively, they argue that her "general description" of the District's equity initiatives is not hearsay and that those parts of her Declaration can be saved. (Doc. 37 at 3.) But general descriptions, irrespective of whether they are hearsay, have no bearing on the Court's jurisdiction. Those portions should be excluded as extraneous under Fed. R. Evid. 12(d).

### I. Ms. Beardsley's statements about Plaintiff's participation in the District's equity activities are hearsay for which Defendants offer no exception.

Ms. Beardsley could only know which sessions Plaintiff did and did not attend if she reviewed records. Those records require a hearsay exception. *See* Fed. R. Evid. 802.

Regarding Plaintiff's participation in affinity groups, Defendants argue they are not obligated to comply with the Rules of Evidence because they cannot "cite to documentation that does not exist." (Doc. 37 at 2.) This is wrong for two reasons. *First*, the Rules of Evidence specify when the non-existence of records is admissible. *See* Fed. R. Evid. 803(7) (Absence of a record of a regularly conducted activity); 803(10) (Absence of a public record). *Second*, attendance records of affinity groups do exist.[1] Ms. Beardsley herself referenced the sign-in sheets as her basis of knowledge. (Doc. 31-1 at PageID #: 93. ¶ 4.) If Plaintiff's name is not on those sign-in sheets, Ms. Beardsley only knows that because either she reviewed those documents herself (hearsay) or someone else related to her what they contain (double hearsay, *see* Fed. R. Evid. 805). Defendants acknowledged that Plaintiff attended some of the equity training. *See* Doc. 21 at 10 (Plaintiff did not attend "most" of the activities); 21-1 at ¶¶ 5 (acknowledging Plaintiff attended two-day Beyond Diversity training), 7 (Plaintiff did not "typically" attend staff meetings in 2017-18).[2] Ms. Beardsley knows what Plaintiff attended based on documents that she or someone else reviewed.

---

[1] Whereas Plaintiff attached records showing the professional development training she received dating back to 2011, including Beyond Diversity (Doc. 29-1 at PageID #: 142-44), Ms. Beardsley has still not shown any of the documentation in her possession even after an objection.

[2] Former Superintendent Goran said racial identity training, which "including participating in affinity groups," was "required." <https://evanstonroundtable.com/2021/07/18/paul-goren-district-65s-commitment-to-equity-onward-and-upward/>. Goran's quotes appeared in the Evanston Roundtable, a self-authenticating newspaper. *See* Fed. R. Evid. 902(6). And unlike the statements of counsel, which "are, of course, not evidence," *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008) yet to which Defendants cite (Doc. 36 at 8), Goran's statements actually *are* evidence. If the Declaration is admitted and Defendants have opened up jurisdiction to extraneous evidence, the Court can see that Ms. Beardsley's characterization of affinity groups is disputed at the least, warranting further factfinding.

Before her statements can be admitted, it is "crucial" to "[d]emonstrat[e] that the records were kept in such a way *that the matter would have been recorded had it occurred*." 5 Weinstein's Federal Evidence § 803.09 (2021) (emphasis added). Defendants do not even try to satisfy this most basic requirement.

Regarding Plaintiff's participation in other equity activities, Defendants argue that Ms. Beardsley had personal knowledge of Plaintiff's attendance because she was the person responsible for overseeing the training. (Doc. 31 at 2.) This is a non-sequitur. The Rules of Evidence apply in court. *See* Fed. R. Evid. 101(a). Many supervisors rely on hearsay to supervise many employees, but that does not make it non-hearsay or admissible.

Defendants claim that Plaintiff never alleged that she participated in the activities referenced by Ms. Beardsley in paras. 4-11, or that they were mandatory. (Doc. 37 at 2.) This, of course, does nothing to make Ms. Beardsley's statements admissible. It is not Plaintiff's burden to disprove inadmissible evidence. Moreover, by challenging whether Plaintiff sufficiently "*alleged* a basis of subject matter jurisdiction," Defendants are now switching to make a *facial* challenge to subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (emphasis in original). In that case, they may not rely on extraneous evidence, period, *see id*., and Ms. Beardsley's Declaration should be excluded under Fed. R. Evid. 12(d).

## II. The background portions of Ms. Beardsley's Declaration are not relevant to a factual challenge to subject matter jurisdiction.

No part of Ms. Beardsley's Declaration can be saved. Her "general background" information, even if not based on hearsay, is not germane to the jurisdictional question that is the only one open to fact finding at this stage.

3

Defendants argue that some portions of Ms. Beardsley's Declaration provide a "general description of the District's equity initiatives" and should not be struck. (Doc. 37 at 3.) Defendants forget that the only permissible use of extrinsic evidence is to factually prove the Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 n.2 (7th Cir 2002). Only those parts of Ms. Beardsley's Declaration that pertain to Plaintiff's attendance bear upon jurisdiction. Indeed, those were the parts Defendants cited in their 12(b)(1) argument (Doc. 21 at 10), and they are, as shown above, based on perhaps multiple layers of hearsay.

Defendants do not explain how a general description of the District's equity activities has any relevancy to the Court's jurisdiction. *See* Fed. R. Evid. 401. Defendants wish to portray the District's equity initiatives as innocuous, but whether they violate the Constitution or Title VI are not questions that the Court will decide at this stage. Ms. Beardsley's "general" statements are impermissible extrinsic evidence that should be excluded under Fed. R. Evid. 12(d).

Defendants repeat that Ms. Beardsley's background information "explains that most of the activities of which Deemar complains are purely voluntary," to include paragraph 5, describing "Courageous Conversation" as part of "Beyond Diversity," and SEED training. (Doc. 37 at 3.) The voluntariness of these activities is a fact in dispute, and her general descriptions have no bearing on the Court's jurisdiction. Irrespective of the extent to which Plaintiff participated, the fact that racially segregated groups notoriously existed contributes to a hostile educational environment—but again, this is a premature merits argument. To return to the original point, Defendants never explain how Ms. Beardsley knows any of this based on firsthand knowledge. Ms. Beardsley's vague characterization of "most" of the activities as voluntary is as conclusory as it is inadmissible.

4

Defendants incorrectly state Plaintiff never challenged paragraphs 9-11 of the Declaration. (Doc. 37 at 3.) Plaintiff did, in fact, "explicitly challenge" them. *See* Doc. 31 at 4 (paragraphs 9 and 11 based on documents, with no foundation laid), n.1 (basis of Beardsley's knowledge for paragraph 10 "is altogether unclear").

Defendants make no effort to lay a proper foundation for Ms. Beardsley's Declaration. This Court should strike it in its entirety.

Respectfully submitted,

Dated: December 7, 2021.

/s/ Braden H. Boucek
BRADEN H. BOUCEK
TN BPR No. 021399
GA Bar No. 396831
KIMBERLY S. HERMANN
GA Bar No. 646473
CELIA H. O'LEARY
GA Bar No. 747472
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA 30075
Telephone: (770) 977-2131
bboucek@southeasternlegal.org
khermann@southeasternlegal.org
coleary@southeasternlegal.org

Whitman H. Brisky
ARDC No. 297151
JOHN W. MAUCK
ARDC No. 1797328
ANDREW S. WILLIS
ARDC No. 6333550
Mauck & Baker, LLC
1 N. LaSalle St., Suite 600
Chicago, IL 60602
Telephone: (312) 726-1243
wbrisky@mauckbaker.com
jmauck@mauckbaker.com
awillis@mauckbaker.com

Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile. Parties may access the filing through the Court's electronic filing system.

Dated: <u>December 7, 2021</u>.	Respectfully submitted,

/s/ Braden H. Boucek<br>BRADEN H. BOUCEK