IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STACY DEEMAR, | ) | |
| | ) | Case No. 21-cv-3466 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF EVANSTON/SKOKIE | ) | |
| ("DISTRICT 65"), DEVON HORTON, | ) | |
| LATARSHA GREEN, and STACY | ) | |
| BEARDSLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Stacy Deemar ("Plaintiff") brings suit against the Board of Education of the City of Evanston/Skokie ("District 65"), Devon Horton, in his official capacity as Superintendent of District 65 ("Horton"), Latarsha Green, in her official capacity as Deputy Superintendent of District 65 ("Green"), and Stacy Beardsley, in her official capacity as Assistant Superintendent of Curriculum and Instruction of District 5 ("Beardsley") (together, "Defendants"), for alleged violations of the Equal Protection Clause of the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964. Currently before the Court is Defendants' motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [20]. For the following reasons, the motion to dismiss [20] is stricken without prejudice and will be reinstated *instanter* upon the filing of the supplemental briefs requested by the Court.

## STATEMENT

In their reply brief [36], Defendants argue that Plaintiff's theory of standing—that "the District's equity initiatives are 'stigmatizing racial classifications' and unlawfully discriminate against her as a white person"—"raises serious First Amendment concerns by threatening to chill discussion and debate about the ongoing role that race plays in our society generally and within education specifically." *Id.* at 5 (citing *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1032 (9th Cir. 1998)).

Plaintiff has not had an opportunity to address the First Amendment issue. The Court believes that supplemental briefing may assist it in resolving Defendants' motion and therefore directs Plaintiff to file a supplemental response brief and Defendants to file a supplemental reply brief on Defendants' First Amendment argument. In their briefs, the parties may make any arguments they wish but are requested to address at least the following questions:

1. Is either party aware of any case other than *Monteiro* in which the court addressed the viability of an equal protection hostile environment claim challenging a school's curriculum?

2. In *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022 (9th Cir. 1998), the Ninth Circuit "consider[ed] whether the assignment of material deemed to have educational value by school authorities may in itself serve as the basis for an injunction by a court or an award of damages, when the challenge to the material is founded on its message or the language it employs." *Id*. at 1028. The Court "answer[ed] that question in the negative, even when the works are accused of being racist in whole or in part." *Id*. However, the court did not "suggest that racist actions on the part of teachers implementing a curriculum could not comprise discriminatory conduct for the purposes of Title VI or the Fourteenth Amendment" or "preclude the prosecution of actions alleging that schools have pursued policies that serve to promote racist attitudes among their students, or have sought to indoctrinate their young charges with racist concepts." *Id*. at 1032. Rather, the court believed that it was "simply not the role of courts to serve as literary censors or to make judgments as to whether reading particular books does students more harm than good." *Id*.

    a. Is *Monteiro* consistent with the law of this circuit?

    b. Does *Monteiro* draw an appropriate dividing line between conduct that is protected by the First Amendment and conduct that may violate equal protection?

    c. If the Court concludes that Defendant's mere act of assigning reading materials that Plaintiff finds offensive—including the "Courageous Conversation" program, "White fragility", "Not My Idea: A Book about Whiteness (Ordinary Terrible Things)", and "Drama of Color"—does not violate equal protection, what factual support remains for Plaintiff's equal protection hostile environment claim?

3. In *Sherman v. Community Consol. School Dist. 21*, 980 F.2d 437, 439 (7th Cir. 1992), the Seventh Circuit held that "schools may lead the Pledge of Allegiance daily, so long as pupils are free not to participate" and rejected the notion that "a pupil who objects to the content of the Pledge may prevent teachers and other pupils from reciting it in his presence." *Id*. at 439. The court of appeals also recognized that government "retains the right to set the curriculum in its own schools and insist that those who cannot accept the result exercise their right under *Pierce v. Society of Sisters*, 268 U.S. 510 (1925), and select private education at their own expense." *Id*. Does *Sherman* place any limits on the Court's authority to order the injunctive relief that Plaintiff requests or otherwise limit Plaintiff's action?

4. Is either party aware of any case (from any circuit) considering the viability of a hostile educational environment claim brought by a teacher under either Title VI or the Equal Protection Clause?

2

Plaintiff's supplemental response brief will be due no later than October 19, 2022; Defendants' supplemental reply brief will be due no later than November 9, 2022. Each supplemental brief will be limited to 10 pages absent leave of Court to exceed that limit. Upon the filing of the last brief, Defendants' motion to dismiss [20] will be reinstated and the Court will proceed with its further analysis and ruling.

Dated: September 26, 2022

_____
Robert M. Dow, Jr.
United States District Judge